UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANNY HARRISON, et al., individually and on behalf of similarly situated individuals,<br><br>    Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS, LLC,<br><br>    Defendant. | Case No. 21-12927<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER GRANTING
MOTION TO APPOINT INTERIM CLASS COUNSEL [17]**

Danny Harrison and 40 other named plaintiffs, both individually and on behalf of a proposed nationwide and 23 statewide classes, are suing General Motors, LLC for allegedly manufacturing, marketing, distributing, and selling certain vehicles with defective valve train systems. Plaintiffs allege 71 counts in their amended complaint under the Magnuson-Moss Warranty Act and the laws of 22 states.

Though the classes that Plaintiffs seek to represent have not yet been certified under Federal Rule of Civil Procedure 23, four firms ask this Court to appoint them as interim class counsel. (ECF No. 17.) These firms are the Miller Law Firm, Berger Montague, Capstone Law, and Gordon & Partners. (ECF No. 17, PageID.461.)

The Court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the

interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) § 21.11; *see also Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 867 (E.D. Mich. 2019).

The Court agrees with Plaintiffs' counsel that it would benefit the purported class members to designate interim class counsel at this point. That way, there is a clear leadership structure in place for the litigation, and both the named Plaintiffs and the purported class members know who is responsible for advancing their interests. And as counsel points out, designating interim class counsel early on makes it so the parties can focus on litigating the case, rather than dealing with disputes over who truly represents the purported classes.

GM disagrees and opposes the motion because it is "premature and unnecessary." (ECF No. 20, PageID.664.) GM is correct that, to this Court's knowledge, no other related cases have been filed. (ECF No. 17, PageID.452.) So there does not seem to be an imminent dispute over who will represent the purported classes. And courts in this District typically grant motions for interim class counsel only when there are related pending lawsuits. *See Gamboa*, 381 F. Supp. 3d at 868 (rejecting a similar argument about prematurity because "at this point in the case, there are now four similar lawsuits before this Court"); *Tolmasoff v. General Motors, LLC*, No. 16-11747, 2016 WL 3548219, at *9 (E.D. Mich. June 30, 2016) ("Designation of interim counsel is particularly appropriate when a number of lawyers have filed

2

related 'copycat' actions. Here, two related lawsuits have already been filed and others may follow."). !!

But Plaintiffs' counsel have provided some evidence that other lawsuits may be forthcoming. An alert from the media outlet Consider the Consumer describes the same GM valve train defect as alleged in this lawsuit and states, "Interested in connecting with consumers? Contact us for more information!" (ECF No. 22-2, PageID.698.) Consider the Consumer is not affiliated with Plaintiffs' counsel. The group could be working to connect consumers who experienced the alleged defect with other attorneys so they can file suit. And in many other vehicle-based products liability cases, related lawsuits have been filed, so it would not be unusual if a separate, but substantially similar, case were filed in the future.

Further, and perhaps most importantly, GM has not identified any prejudice it would face if the Court granted the motion. In fact, it may be better for GM to have a clear understanding of the attorneys responsible for representing the purported classes' interests.

So because the interests of the potential class members would be better protected and GM claims no prejudice, the Court finds that it is appropriate to appoint interim class counsel at this time.

That leaves the question of whether the four firms asking to be appointed—the Miller Law Firm, Berger Montague, Capstone Law, and Gordon & Partners—are suitable to act as interim class counsel. The Court finds that they are.

3

The same Rule 23 considerations govern appointing class counsel both before and after class certification. *Gamboa*, 381 F. Supp. 3d at 867. Rule 23 provides four factors the Court must consider when appointing counsel: "the work counsel has done in identifying or investigating potential claims in the action"; "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action"; "counsel's knowledge of the applicable law"; "and the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv).

Start with the first factor. The firms have done substantial work to identify and investigate Plaintiffs' claims, as demonstrated in the complaint and amended complaint. The original complaint had almost 300 paragraphs of factual allegations, including diagrams explaining the alleged defect. (*See generally* ECF No. 1.) The amended complaint reflects further investigation of the claims as it added more named plaintiffs and expanded the claims brought. (*See generally* ECF No. 27.) So this factor weighs in favor of appointing the firms as interim class counsel.

The firms' experience in handling car-related products liability class actions and knowledge of applicable law likewise show they would be adequate interim class counsel. All four firms have worked on numerous class actions, many of which have involved car-part defects. (ECF Nos. 17-2, 17-3, 17-4, 17-5.) This indicates not only knowledge of how to handle complex litigation, but familiarity with the legal and factual bases of the claims at issue here.

And given counsel's experience with litigating and settling class-action suits, the Court is confident that counsel is familiar with the resources it takes to represent

a class and is willing to employ such resources to best represent the purported classes here. This is further demonstrated by their conduct in this case so far, which has included filing two extensive complaints and corresponding with GM's counsel on the issue of arbitration. Between the four law firms, there will be sufficient resources available for this litigation. *See Gamboa*, 381 F. Supp. 3d at 868.

In all, the Rule 23 considerations each favor appointing the Miller Law Firm, Berger Montague, Capstone Law, and Gordon & Partners as interim class counsel. Thus, the motion to appoint interim class counsel (ECF No. 17) is GRANTED.

SO ORDERED.

Dated: May 13, 2022

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE

5