UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY HARRISON et al.,

      Plaintiffs,

v.

GENERAL MOTORS, LLC,

      Defendant.

Case No. 21-12927
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING MOTION TO SEVER CLAIMS [121]**

---

Danny Harrison, along with 38 other named plaintiffs, bought new or pre-owned General Motors vehicles that they believe are defective. (*See generally* ECF No. 48.) Specifically, Plaintiffs allege that each of their vehicles (which encompass a variety of GM models and range from model years 2014 to 2021) has a valve-train system that malfunctions in several ways. (*Id.* at PageID.5487.) According to Plaintiffs, the defect causes the engine to misfire as valves fail to open and close at the appropriate times, resulting in the vehicles stalling, surging, or losing power while driving. (*Id.* at PageID.5478–5490.) And they point to a "ticking noise emanating from the engine" along with "chirps, squeals, and squeaks" as further evidence of the defect. (*Id.* at PageID.5489.)

So Plaintiffs, on behalf of statewide classes, sued GM over what they call the Valve-Train Defect, filing their initial complaint in December 2021 (ECF No. 1). In the over four years since the case began, Plaintiffs filed two amended complaints, in April 2022 and March 2023, respectively (ECF Nos. 27, 48). They also withstood two

motions to dismiss from GM and a motion to compel arbitration (ECF Nos. 37, 38, 52), with the Court only granting each motion in part (ECF Nos. 44, 45, 62). Throughout this time, the parties engaged in substantial discovery and continue to do so. (ECF Nos. 66, 69.) They also participated in facilitation and mediation, which were ultimately unsuccessful. (ECF Nos. 106, 107.)

On December 15, 2025—the four-year anniversary of this case—Plaintiffs asked the Court to sever their claims based on the type of cylinder deactivation technology in the Class Vehicles' valve train systems. (ECF No. 121.) More specifically, they seek to sever the case into claims pertaining to vehicles with the Active Fuel Management ("AFM") engine and claims pertaining to vehicles with the Dynamic Fuel Management ("DFM") engine. (*Id.* at PageID.7991) ("Now that the AFM Plaintiffs are aware that their vehicles have an allegedly defective part that is not in the engines of the DFM Plaintiffs' vehicles, the AFM Plaintiffs move to sever their claims as there is a significant distinction between the vehicles owned by AFM Plaintiffs and those owned by DFM Plaintiffs.")[1] GM opposes this motion. (ECF No. 123.)

Plaintiffs have known of these separate alleged defects for some time. In a January 2023 opinion, the Court noted that while Plaintiffs "alleged one uniform defect . . . . the sum of their . . . allegations actually indicate that there are three separate part failures at issue in this case." (ECF No. 44, PageID.5384.) It even asked

---

[1] The briefing specifies which Plaintiffs have AFM and DFM claims. (ECF No. 121, PageID.7990–7991.)

the parties to "be prepared to discuss severing this lawsuit" based on the specific engine part. (*Id.* at PageID.5432.) So while the Court is not surprised to see that a party seeks severance of claims here, it is surprised at the timing of this request: four years after the suit was filed and almost three years since the Court issued that warning.

The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2).

## I.

Motions to sever are governed by Federal Rule of Civil Procedure 21. The rule states that "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21. District courts are afforded "broad discretion in determining whether or not actions should be severed." *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (citing *Johnson v. Advanced Bionics, LLC*, No. 08-02376, 2011 WL 1323883, at \*6 (W.D. Tenn. Apr. 4, 2011)). There are several factors for the district court to consider when analyzing a request to sever:

> (1) whether the claims arise out of the same transaction or occurrence;
>
> (2) whether the claims present some common questions of law or fact;
>
> (3) whether settlement of the claims or judicial economy would be facilitated;
>
> (4) whether prejudice would be avoided if severance were granted; and
>
> (5) whether different witnesses and documentary proof are required for separate claims.

*Parchman*, 896 F.3d at 733 (citing *Productive MD, LLC v. Aetna Health, Inc.*, 969 F.Supp.2d 901, 940 (M.D. Tenn. 2013)).

As to the first two factors, Plaintiffs argue that the AFM vehicles have a different component than the DFM engines that contributes to the defect in only the AFM engines, such that the claims arise out of different transactions/occurrences. (ECF No. 121, PageID.7995.) They further contend that the claims of AFM plaintiffs do not arise out of the same questions of fact or law because some states have only Plaintiffs with AFM engines. (*Id.* at PageID.7995–7996.) While GM does not contest this, they contend severance is not a solution to this variability issue because the AFM and DFM plaintiffs both purchased different vehicles from different dealerships in numerous different states.  (ECF No. 123, PageID.8042.) Thus, explains GM, "the individualized issues that exist now would still pervade separate AFM and DFM cases: each case would include multiple Plaintiffs with different vehicle models, obtained during different transactions, in many different states." (*Id.*)

Plaintiffs make several arguments regarding the third factor: whether severance would facilitate settlement or judicial economy. First, since the AFM and DFM groups have different defects, Plaintiffs say the groups may have different proposed remedies, making a combined case improper for settlement. (ECF No. 121, PageID.7996.) As for judicial economy, Plaintiffs claim that no additional fact discovery would be needed after a severance, and that a staggered schedule for expert discovery and class certification motions would be manageable for both the Court and GM. (*Id.* at PageID.7996–7997; ECF No. 124, PageID.8144.) But settlement efforts have already failed. And GM says severance risks wasting four years of litigation, potentially prompting new complaints that would drag the case back to its starting

position. (ECF No. 123, PageID.8035.) To GM, severing the claims would multiply work for all sides and the Court, resulting in "two separate sets of expert discovery, two separate sets of motions for summary judgment, two separate sets of *Daubert* motions, two separate sets of class certification briefs, two separate sets of pre-trial proceedings, and two separate trials." (*Id.*) Thus, it is hard for the Court to see how settlement or judicial economy would be facilitated by severance. *See, e.g.*, *Cashatt v. Ford Motor Co.*, No. 19-05886, 2023 WL 2646366, at *7 (W.D. Wash. Mar. 27, 2023) (denying motion to sever in automotive product defect case, reasoning in part that a factual difference in one trial is preferred over separate trials).

On the fourth factor, Plaintiffs contend that the only way to avoid prejudice is, in fact, to sever the claims. (ECF No. 121, PageID.7997 (explaining that it would be prejudicial to the fact finder to potentially "conflate" the AFM and DFM defects).) GM calls this "speculative" (ECF No. 123, PageID.8039) and, at this time, the Court agrees. "Any potential for jury confusion or undue prejudice can be satisfactorily mitigated through other protective measures" such as careful jury instructions. *Cashatt*, 2023 WL 2646366, at *7. Moreover, "[s]ingle trials generally tend to lessen the delay, expense and inconvenience to all concerned." *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 166 (E.D. Mich.), *report and recommendation adopted*, 286 F.R.D. 319 (E.D. Mich. 2012) (citing *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1332 (8th Cir.1974)).

Finally, as to whether there are different witnesses and documentary proof for the claims, Plaintiffs specify that AFM Plaintiffs will require different evidence

because those engines contain a component not present in the DFM engine. (ECF No. 121, PageID.7997.) By contrast, GM contends that witnesses would mostly overlap because the same engineers work on both engines. (ECF No. 123, PageID.8041.) While the evidence to support each claim may not be identical, the Court finds that there is enough overlap such that a single case is proper. *See, e.g.*, *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, No. 19-02905, 2021 WL 9181832, at *9 (C.D. Cal. Aug. 20, 2021) (denying motion to sever in automotive product defect case, reasoning in part that severance would result in "overlapping proof and duplication in testimony").

## II.

For the foregoing reasons, the Court DENIES Plaintiffs' motion to sever (ECF No. 121).

IT IS SO ORDERED.

Dated: February 17, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

6